UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:  CHAPTER 13 PROCEEDING
    CHARLES E. CORDELL  Case no: 10-
    CHERI L. TOMLIN
_____/  JUDGE  DANIEL OPPERMAN

# CHAPTER 13 PLAN

( XX) ORIGINAL    ( ) PRE-CONFIRMATION    ( ) POST-CONFIRMATION **MODIFICATION #**

This plan will use the term "Debtor" to refer to the person or both persons who filed the petition for relief in this case.  Terms listed after a ( ) are applicable if the box is checked or otherwise filled.  The debtor and creditors will be bound by the terms of this Plan upon its confirmation. Any **OBJECTION TO CONFIRMATION OF THIS PLAN MUST BE FILED BY THE DEADLINE FIXED BY COURT RULE OR BY COURT ORDER.**

## 1. NATURE OF PLAN

The debtor will make periodic payments to the trustee for the following term, effective upon the date of confirmation, **IN ADDITION TO INTERIM,** pre-confirmations payments actually made by debtor:

(X) 3 years    ( ) 4 years    ( ) 5 years    ( ) approximately    years

( X ) This is a **base plan** whereby a set amount will be paid over to the trustee over the course of the plan.  It is possible that general unsecured creditors will receive a distribution of only a portion of amount claimed.  The estimated percentage is calculated in the attached worksheet, however this percentage may be adjusted without further notice due to the actual amount of claims filed, additional priority or administrative claims or adjustments of values, interest rates or amounts of secured claims.  The plan shall not exceed the maximum of five (5) years.

( ) This is a **percentage plan** whereby a sufficient amount will be paid over to the trustee over the course of the plan in which to pay all claims the percent indicated on the attached worksheet.  The term of this plan is estimated here and in the attached worksheet, however this term may change without further notice for the same reasons as base plans.  The plan shall not exceed the maximum of five (5) years.

( ) This plan shall extend longer than three (3) years because: _____.

## 2. FUNDING OF PLAN

The future earnings of the Debtors shall be submitted to the supervision and control of the Trustee who shall received payments from the Debtor or Debtors Employer.

    ( XX) $54.23_____ weekly    ( ) $_____ bi-weekly
    ( ) $_____semi-monthly    ( ) $_____monthly

( ) Additionally, the Debtor commits for payment into the Plan or ( ) **100%;** ( ) **50%** or ( ) _____**%** of all future income tax refunds to which the Debtor is entitled during the duration of the Plan and the Debtor shall not alter any withholding exemptions without first obtaining approval from the Trustee.

1

( X ) Other funding provisions of the Plan are as follows: Debtor has accounted for the recoupment of the income taxes on Schedule I.

# 3. DISBURSEMENTS

From the funds received by the Debtor, the Trustee shall make disbursements as follows:

**(A) ADMINISTRATIVE EXPENSE CLAIMS**

First, any unpaid filing fees due the Clerk; thereafter the administrative expenses of the estate, pursuant to 11 U.S.C. §503(b), §1326(b)(2), and 28 U.S.C. §586(e)(1)(B). Thereafter, the Trustee shall pay the attorney for the Debtor any unpaid fees in an amount as determined by the Court.

**(B) SECURED CLAIMS – MORTGAGE OR EXECUTORY LAND CONTRACTS**

( ) _____ whose security under a first mortgage principal residence of the Debtor, upon which the last payment is due after final payment under the Plan, whose claim is duly allowed, shall retain the lien and to be paid $ _____ per month as provided in the original contract for the life of the plan. Escrow adjustments by creditor, if any, may be made from time to time upon notification to the Trustee and Debtor's attorney.

( ) Payments presently in default under said claim which now total $_____ shall be paid interest at the contract rate of 0%. The arrears shall include any mortgage payments due but not made prior to the date of filing. Cure of any arrears shall be by payment in full during the term of the Plan in the manner as recited below.

( ) _____ is a vendor with respect to an executory contract for the sale of the Debtor's residence. The Debtor assumes this executory contract.

During the term of the Plan, the Trustee shall pay $_____ per month to this creditor, which includes interest at the contract rate, and applicable escrow if any.

( ) If the contract is in default, the default will be promptly cured and the creditor will be promptly compensated for any actual pecuniary loss resulting from the default. Interest shall be paid at the contract rate.

Cure of any arrears or contract default shall be by payment in full during the term of the Plan in the following manner:
    ( ) Pro-rate with other secured claims;
    (X) In advance of all secured claims except the maintenance of the regular mortgage or land contract payments;

This creditor may adjust the escrow, if any, in accordance with the contract upon notification to the Trustee and the Debtor's attorney. The Trustee is authorized to submit an amended Payment Order for entry without further notice to reflect any increased obligation caused by an escrow adjustment.

**(C) OTHER SECURED CLAIMS**

Thereafter, the Trustee shall pay all other allowed secured claims. Creditors holding secured claims shall retain their liens and be paid the fair market value of their collateral on a pro-rata basis before unsecured claims are paid. The excess of any secured claim over the fair market value of the collateral shall be paid in the same manner as general unsecured claims.

The secured creditors, their collateral, its fair market value, the annual interest rate to be paid, and estimate of the total claim amounts are as follows:

| CREDITOR NAME | COLLATERAL DESCRIPTION | FAIR MARKET VALUE | INTEREST RATE | AMOUNT OF TOTAL CLAIM |
|---|---|---|---|---|

The Debtor has stated the value of the collateral as listed above. If a secured creditor claims a different value, or different interest rate, then that creditor **MUST TIMELY OBJECT TO THE CONFIRMATION OF THIS PLAN, AND THE VALUE AND/OR INTEREST RATE DISPUTE WILL BE LITIGATED AND DECIDED AS PART OF THE CONFIRMATION HEARING.** Failure to timely object to the confirmation of this Plan shall be deemed to be an acceptance of this Plan's statement of collateral value and interest rate. This is notice that the Confirmation Hearing shall include a hearing pursuant to F.R. BANKR.P.3012 VALUING YOUR SECURED CLAIM.

Although in your opinion, your claim is a secured claim, it may nonetheless be classified as an unsecured claim, and be treated as such. **IT IS THE DEBTOR'S INTENT TO PROVIDE FOR EVERY CLAIM UNLESS SPECIFICALLY STATED OTHERWISE. UNLESS YOUR CLAIM IS SET FORTH SPECIFICALLY IN THIS PLAN AS A SECURED CLAIM, THE DEBTOR IS PURPOSELY CLASSIFYING YOUR CLAIM AS UNSECURED AND IT WILL BE TREATED AS AN UNSECURED CLAIM DESPITE YOUR BELIEF THAT IT IS A SECURED CLAIM. ACCORDINGLY, YOU MUST EITHER TIMELY OBJECT TO CONFIRMATION OF THIS PLAN, OR BE DEEMED TO HAVE ACCEPTED THIS PLAN'S TREATMENT OF YOUR CLAIM AS PROVIDED HEREIN.**

**(D)  PRIORITY UNSECURED CLAIMS**

All claims entitled to priority status pursuant to 11 U.S.C. 8507 shall be paid in full through the plan in deferred cash payments. No distribution shall be made to claims entitled to priority status pursuant to 507 unless a Proof of Claim has been timely filed, shall be paid as follows:

After payment of all timely administrative expense claims, priority unsecured claims shall be paid as follows:

- ( ) Subsequent to the regular periodic payment due on the Debtor's residence, but together with all remaining secured claims, on a pro-rata basis;
- ( ) Pro-rate, but subsequent to the payment of all secured claims;
- ( ) Other priority payment provisions:

**(E)  SPECIAL UNSECURED CLAIMS**

The timely filed claims of the following unsecured creditors shall be paid in full in the same manner that secured claims are paid as follows:

<u>CREDITOR NAME</u>            <u>INTEREST RATE</u>

The reason for special treatment is as follows:

- ( ) The claim is one on which an individual other than the Debtor is also liable or has pledge his/her own property.

- ( ) The claim is not dischargeable, or is otherwise entitled to special treatment for the following reasons:

**(F)  GENERAL UNSECURED CLAIMS**

After payment of all claims described above, the Trustee shall disburse on a pro-rata basis any remaining funds to general unsecured creditors whose claims are timely filed.

An estimate of the percentage dividend to be paid to unsecured creditors is contained on the attached worksheets. The present value of the amount to be distributed to general unsecured creditors through this Plan is not

3

10-36172-dof    Doc 11    Filed 11/30/10    Entered 11/30/10 13:16:10    Page 3 of 8

less than the amount that would be paid on such claims if the estate of the Debtor were liquidated under Chapter 7, as shown in the liquidation analysis set forth at the end of the Plan.

( )  Additionally, allowed general unsecured claims shall receive_____% annual interest until paid.

## 4.  UNSCHEDULED CREDITORS FILING CLAIMS

If a creditor's claim is not listed in the schedules, but the creditor nonetheless timely files a proof of claim, the Trustee is authorized to classify the claim into one of the classes described above, and to pay the claim consistent with that classification.

## 5.  POST-PETITION CLAIMS

Any post-petition claim filed under 11 U.S.C. 1305 shall be paid in full and in the same manner that claims of a similar type are paid (e.g.: post-petition tax claims entitled to priority shall be paid as allowed pre-petition priority tax claims; post-petition non-priority unsecured claims will be paid as allowed pre-petition non-priority unsecured claims, etc.).

## 6.  LATE CLAIMS

Only claims that have been properly filed by the deadline set by the Court are to receive any distribution under this Plan. The Trustee has discretion to file claims for the secured portion of claims relating to real estate and vehicles. Debtor retains the option to file claims or consent to late claims on behalf of untimely creditors, particularly for certain student loans or other claims exempt from discharge.

## 7.  INTEREST

Commencing as of the date of the filing of the petition herein, no interest payments are allowed on any claim except as may be agreed to by the Debtor, or as otherwise set forth in this Plan.

## 8.  CREDITORS TO BE PAID DIRECTLY BY DEBTOR(S)

The following creditors shall be paid directly by the Debtors and not by the Trustee as Debtor is current. The automatic stay with respect to enforcement of the lien on the above collateral shall be lifted upon confirmation of the Plan.

| CREDITOR NAME | COLLATERAL DESCRIPTION |
|---|---|
| **Chase Home Finance LLC** | Residence located at 2247 Holly Tree Dr |

**JUSTIFICIATION:**  Debtor is current

| | |
|---|---|
| **Chrysler Financial** | 2008 Dodge Charger |

**JUSTIFICIATION:** Debtor is current and including in a 36 month plan will raise the payment. Vehicle not subject to cram down.

| | |
|---|---|
| **ALLY FINANCIAL** | |

**JUSTIFICIATION:**  Debtor is current                                    2008 Saturn Outlook

## 9. COLLATERAL TO BE SURRENDERED

The Debtor holds collateral which shall be surrendered within 30 days after confirmation of the Plan to the following secured creditor(s) ~~in satisfaction of their secured claim(s)~~. The automatic stay with respect to enforcement of the lien on the collateral shall be lifted upon confirmation of the Plan.

<u>CREDITOR NAME</u>                                       <u>COLLATERAL DESCRIPTION</u>

## 1O. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor assumes the following executory contracts and/or unexpired leases:

<u>CREDITOR NAME</u>     <u>COLLATERAL</u>     <u>MONTHLY PAYMENT</u>     <u>EXPIRATION DATE</u>

Those not listed herein are rejected. The following executory contracts and unexpired leases are rejected. The automatic stay shall be lifted upon confirmation of the Plan with respect to any executory contract or unexpired lease assumed, that is to be paid directly by the Debtor.

<u>CREDITOR NAME</u>                                       <u>DESCRIPTION OF CONTRACT</u>

## 11. PROPERTY OF THE ESTATE AND DISPOSAL OF NON-EXEMPT PROPERTY

Upon confirmation of the Plan, all property of the estate shall vest in the Debtor, except for the future earnings of the Debtor, and other property specifically devoted to the Plan. Further, the Debtor may not dispose of any claimed non-exempt real or personal property without complying with L.B.R. 13.16(E.D.M.)

## 12. INJUNCTION AGAINST FUTURE INDEBTEDNESS

Upon confirmation of this Plan, the Debtor may not, during the Plan's term, incur credit in excess of $1,000.00 without prior consent of the Court. However, emergency medical, dental and hospital care for the Debtor and members of Debtor's immediate family; FURTHER, from disposing of any real personal property without the consent of this Court to do so.

## 13. PROHIBITION AGAINST TAX SET-OFFS AND TAX RETURN DISCLOSURE

Any pre-petition or post-petition tax refund due the Debtor shall not be used by any government agency to set-off any pre-petition obligation of the Debtor.

All tax returns which the Debtor was required to file before the petition for relief were in fact filed, except as follows: _____

## 14. DEBTOR ENGAGED IN BUSINESS

5

(  ) If the box to the immediate left is "checked" the Debtor is self-employed and incurs trade credit in the production of income from such employment.

1.   11 USC 13046(b) and (c) regarding operation of the business and duties imposed upon the Debtor by referencing.

2.   The Debtor shall comply with the provisions of (BR 13.0) (EDM) unless the court orders otherwise.

## 15.  DISCHARGE AND DUTY OF SECURED CREDITORS

After completion by the Debtor of all payments under this Plan:

(a)   the Debtor will receive a discharge of debts; and

(b)   any secured creditor that has received payment of its secured claim pursuant to the provisions of this Plan shall execute and deliver to the Debtor such mortgage discharge, release or termination statement as is, or may be, required by law to release any lien secured by property of the Debtor.

## 16.  OTHER PROVISIONS

( X ) The Plan includes the following additional provision(s):

### LIEN STRIP

**An Adversary proceeding to strip the following lien has been filed under § 1322(b)(2) and 506(a) of the Bankruptcy Code.  The second mortgage of ELGA Credit Union dated December 29, 2006, and recorded on January 10, 2007, Instrument number: 200701100002228, Genesee County Register of Deeds ($21,539)  is a wholly unsecured second mortgage pursuant to 11 U.S.C. § 506, and is being stripped.  The fair market value of the residence is $107,400.00.  The first mortgage with Chase Home Finance has a current principal balance of $117,801.00.  Total superior liens (including property taxes) are in excess of $117,801.00.  Pursuant to 11 U.S.C § 1322(b)(2) the claim of ELGA Credit Union is being modified (stripped) and treated as a general unsecured claim, and will be paid along with other general unsecured claims as provided in section 3(F) of this Chapter 13 Plan.  Upon Completion of the Chapter 13 Plan, ELGA Credit Union shall immediately release the lien against the Debtor's residence.**

/s/_____
Charles E. Cordell

/s/_____
Cheri L. Tomlin

Prepared by:   /s/ David E. Tovarez
David E. Tovarez P57327
Bidwell Tovarez PLLC
333 W. Seventh St. Suite 140.
Royal Oak, MI 48067
248-270-3333
David@Bidwelltovarez.com

6

10-36172-dof    Doc 11    Filed 11/30/10    Entered 11/30/10 13:16:10    Page 6 of 8

Debtor: Charles Cordell  
Joint Debtor: Cheri L. Tomlin

Case No. 10-  
Chapter 13

# WORKSHEET

1. Length of plan is 42 months

2. Debtors Pre-confirmation  
   $54.23 per month x 2 months =  
                                                  Total per plan    $433.84

   Debtors Post-confirmation  
   $54.23 per pay period x 156 periods per plan                    $ 7,991.88

3. $0 per pay period x 0 periods in plan =                                 $0

4. Lump sums (Identify)                                                         $0  
   Estimated tax refunds                                            $0  
   Other_____                                                     $0

5. Equal total to be paid into the plan                                  $8,425.72

6. Estimated Trustee's fees (7%)      $589.80

7. Attorney fees and costs      $3,500

8. Total priority claims      $0

9. Total installment mortgage or  
   other long-term debt payments  
   1st Mortgage $      x  =     $

10. Total of arrearages, including interest      $

11. Anticipated Legal fees for plan review      $

12. Total secured claims, including interest      $

                                                  Total of items 6 through 12      $4,089.80

13. Funds for unsecured creditors      $4,335.92

14. Total unsecured claims (if all file)      $104,993.03

15. Estimated percentage to unsecured creditors under plan      3%

16. Estimated dividend to general unsecured creditors if Chapter 7      $0

    (See Attached Liquidation Analysis)

    COMMENTS:

# LIQUIDATION ANALYSIS

If this were a case under Chapter 7, the dividend to unsecured creditors is estimated as follows:

| PROPERTY | MARKET VALUE | LIENS | DEBTOR'S EQUITY | EXEMPT AMOUNT | BALANCE |
|---|---|---|---|---|---|
| Real Property | $107,400.00 | $139,340.00 | $0.00 | $0.00 | $0.00 |
| Cash on hand | $50.00 | $0.00 | $50.00 | $50.00 | $0.00 |
| Bank accounts, etc. | $1,102.00 | $0.00 | $1,102.00 | $1,102.00 | $0.00 |
| Household goods, etc. | $3,000.00 | $0.00 | $3,000.00 | $3,000.00 | $0.00 |
| Wearing apparel | $1,000.00 | $0.00 | $1,000.00 | $1,000.00 | $0.00 |
| Furs and Jewelry | $1,100.00 | $0.00 | $1,100.00 | $1,100.00 | $0.00 |
| Firearms, sport equipment | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| Accounts Receivable | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Other liquidated debts | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Autos | $20,000.00 | $22,172.80 | $00.00 | $00.00 | $0.00 |
| Animals | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| All other property | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL** | **$133,552.00** | **$161,512.80** | **$6,752.00** | **$6,752.00** | **$0.00** |

TREATMENT OF CLAIMS: The following classes of claims are established for payment from available funds by the Trustee, except those identified as "direct payments" as indicated in this Plan:

1. CLASS ONE - ADMINISTRATIVE EXPENSES:

    A. Trustee Fees $0.00
       (as determined by statute)

    B. Attorney Fees & Costs $3,500

       Agreed Fee
       Less amount paid $0
       Balance Due $3,500
       Plus Costs Advanced $0
       **Total Fee and Costs Through Plan** **$3,500**

    C. Other (List Creditor and basis for administrative expense status). $0